IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CASSANDRA N. HAMLIN**, | Case No. 6:22-cv-38-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **KILOLO KIJAKAZI**, Actine Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On June 2, 2023, the Court reversed the Commissioner's determination that Plaintiff was not disabled and remanded the matter back to the agency for further proceedings pursuant to the stipulation of the parties. ECF 24. Before the Court is Plaintiff's application for $11,980.12 in attorney's fees plus $1,213.90 for litigating Plaintiff's fee request, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. ECF 25, 28. Defendant opposes the fee request, arguing that the requested fees are unreasonable. For the reasons discussed below, the Court grants Plaintiff's motion in part and awards EAJA fees in the amount of $10,777.18.

EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was

PAGE 1 – ORDER

substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

Under EAJA, if the government's position is not substantially justified, the court has discretion to determine whether the requested fees are reasonable. *See Comm'r, INS v. Jean*, 496 U.S. 154, 160-61 (1990) (the court has similar discretion under EAJA to determine the reasonableness of fees as it does under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, as described in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)); *U.S. v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009) (fees requested under EAJA must be reasonable); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (discussing the *Jean* clarification that the *Hensley* analysis applies to EAJA cases). In litigating fee applications, the plaintiff bears the burden of "documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked," and the government, in opposing the fee application, "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992). In

determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

The preferred method of calculating reasonable attorney's fees is the "lodestar" method. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). "To calculate the lodestar amount, the court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Id.* (quoting *Hensley*, 461 U.S. at 433)). In making this calculation, the district court should take into consideration "a host of reasonableness factors, including benefit obtained . . . , the complexity and novelty of the issues presented, and the risk of nonpayment." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (quotation marks omitted). The Ninth Circuit has cautioned that district courts may not reduce requested fees in social security disability appeals without providing relatively specific reasons. *Costa*, 690 F.3d at 1136-37. A district court may, however, "impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." *Id.* at 1136 (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)).

Defendant argues that Plaintiff's request is unreasonable because the issues in this case were not particularly novel or complex, counsel is experienced and specializes in social security cases and so should need to spend less time on these types of cases, and Defendant stipulated to a remand in this case. Defendant specifically challenges the purported "45.75" hours spent

reviewing the record and preparing the opening brief,[1] arguing that is more than is usually spent litigating the entirety of a disputed case, which averages 20-40 hours. Defendant argues that a reduced award to 28 hours is reasonable under the circumstances, citing *Reyna v. Commissioner*, 548 F. App'x 404, 404-05 (9th Cir. 2013). The Commissioner also argues that if the Court reduces Plaintiff's fee award by any amount, the Court should not compensate Plaintiff for fee litigation, or it would deter good faith fee litigation.

Plaintiff responds that the record in this case was 3,441 pages and thus it took that many hours to review and annotate the record to draft Plaintiff's opening brief. Plaintiff argues that this well exceeds the "average" record in this District, citing *Kenneth A. v. Berryhill*, 2019 WL 377613, at *5 (D. Or. Jan. 30, 2019) ("[I]n the District of Oregon, the length of an administrative record in a social security case is around 463 to 605 pages."). Thus, contends Plaintiff, attorney time above average is reasonable. Plaintiff argues that the 22 hours billed for reviewing the record is more than reasonable in this District, citing *Parrish for Est. of Parrish v. Comm'r, Soc. Sec. Admin.*, 2018 WL 1402584, at *3 (D. Or. Mar. 20, 2018) (stating that "a reasonable attorney should [be] able to review [a 900-page] record in 24 hours"). Plaintiff also argues that 21 hours was reasonable to draft the opening brief because this was a factually intensive case.

The Court recognizes that the record was particularly large in this case. The Court also considers, however, that the entire record was not necessarily critical to the arguments raised by Plaintiff in her opening brief. Further, Plaintiff's brief raised three issues that are commonly raised in social security litigation and were not particularly complex. The Court, however,

---

[1] The Court calculates that Plaintiff's counsel billed 22 hours for reviewing the record and 21 hours for researching and drafting the opening brief.

declines to fully evaluate the record and the issues in this case to determine reasonable hours for those tasks and instead exercises its discretion by taking a 10 percent "haircut" off the 43 hours spent by counsel in reviewing the record and preparing the opening brief. This results in a discount of 4.3 hours, with 0.8 hours in 2022 and 3.5 hours in 2023.

The Court also notes that there are some entries that are clerical, ministerial, or administrative in nature. Unfortunately, due to Plaintiff's counsel's practice of grouping several tasks into a single billing entry, the Court cannot determine precisely how much time was spent on clerical tasks contained within such entries. The Court will therefore determine a reasonable time spent on the tasks, taking into consideration the total time billed for the group of tasks and deduct accordingly. *See Brandt v. Astrue*, 2009 WL 1727472, at *3-4 (D. Or. June 16, 2009).

The clerical, ministerial, or administrative billed tasks include reviewing: notice of case assignment, court procedural order, and order granting *in forma pauperis* (.25 in 2022); Defendant's notice of appearance (.05); service packets (.25 in 2022); Defendant's notice of attorney substitution (.05 in 2022); and two docket orders granting extension of time (.1 in 2023). *See, e.g.*, *G & G Closed Cir. Events, LLC v. Brews & Brats, Inc.*, 2023 WL 4239295, at *2 (N.D. Cal. June 27, 2023); *Vazquez v. Johnson*, 2023 WL 4205126, at *3 (D. Ariz. June 27, 2023); *Rosemary G. V. v. Saul*, 2020 WL 6703123, at *4 (S.D. Cal. Nov. 12, 2020); *Brandt*, 2009 WL 1727472, at *3-4. These result in a discount of 0.6 hours in 2022 and 0.1 hours in 2023. Thus, the Court reduces Plaintiff's time by 1.4 hours in 2022 and 3.6 hours in 2023. This leaves a fee award calculated as follows:

| | |
|---|---|
| 1.75 hours in 2021 at $217.54 | $    380.70 |
| 8.6 hours in 2022 at $234.95 | $ 2,020.57 |
| 34.5 hours in 2023 at $242.78 | $ 8,375.91 |

**TOTAL FEE AWARD:** $10,777,18

Because the Court has reduced Plaintiff's fee award, the Court declines to award Plaintiff the additional $1,213.90 requested for responding to Defendant's fee opposition.

The Court GRANTS IN PART Plaintiff's Motion for Fees Under the Equal Access to Justice Act (ECF 25). The Court awards Plaintiff $10,777.18 for attorney's fees pursuant to 28 U.S.C. § 2412(d). Pursuant to *Astrue v. Ratliff*, the award shall be made by check payable and mailed to Plaintiff's attorney Katherine L. Eitenmiller, HARDER, WELLS, BARON & MANNING, P.C., if the Commissioner confirms that Plaintiff owes no debt to the Government through the Federal Treasury Offset program. If Plaintiff has such debt, the check for any remaining funds after offset shall be made out to Plaintiff and mailed to counsel's office at the address provided above. There are no costs or expenses to be paid herein.

**IT IS SO ORDERED.**

DATED this 19th day of October, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge