IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CASSANDRA HAMLIN**, | Case No. 6:22-cv-38-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **COMMISSIONER OF SOCIAL SECURITY**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On June 2, 2023, based on the stipulation of the parties, the Court remanded this case for further proceedings. On October 19, 2023, the Court granted in part Plaintiff's motion for fees under the Equal Access to Justice Act ("EAJA"). The Court reduced the compensable hours to 44.85 and awarded fees in the amount of $10,777.18.

Plaintiff's counsel now moves for attorney's fees of $20,761.88 pursuant to 42 U.S.C. § 406(b). ECF 31. This figure represents 25 percent of Plaintiff's retroactive benefits. Plaintiff's counsel requests that the Court deduct the $10,777.18 in EAJA fees previously awarded, leaving a net amount to be awarded as § 406(b) fees of $9,984.70. Defendant neither supports nor opposes the proposed award because "[i]t is for the Court to decide if the request for attorney's

PAGE 1 – ORDER

fees under 42 U.S.C. § 406(b) is reasonable under the law." ECF 32. The Court must perform an independent review to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Defendant, however, requests that the Court clarify the total number of hours and total amount of fees requested in the Court's decision.[1] For the following reasons, Plaintiff's counsel's motion for fees is granted.

## STANDARDS

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (*quoting Gisbrecht*, 535 U.S. at 793, 808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the

---

[1] Plaintiff's counsel moves for the "net" fees after deducting the EAJA fees and cites the full hours instead of the reduced hours the Court found properly was compensable.

reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See id*. at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148 (emphasis in original); *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and her counsel. ECF 31-3. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded. Here, the requested § 406(b) fees represent 25 percent of Plaintiff's back benefits. Thus, the requested fee award is within the statutory maximum. The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case.

Plaintiff's counsel is reputable and experienced. There were no issues with the character of her representation. Plaintiff's counsel also obtained a favorable result; a stipulated remand for further proceedings. Plaintiff's counsel requested two extensions of time to file Plaintiff's opening brief, extending the deadline by nearly five months.[2] The Court, however, concludes

---

[2] Defendant's counsel similarly requested two extensions of time, extending Defendant's deadline to respond to Plaintiff's brief by two months.

that these extensions were not done for dilatory purposes or to increase fees. The Court thus finds no basis for a downward adjustment on these factors.

The fee award also will not result in a windfall to Plaintiff's counsel. Plaintiff's counsel worked 44.85 compensable hours, and thus the effective hourly rate is $462.90. The Court notes that effective hourly rates exceeding $1,000 have been approved in this district. *See, e.g.*, *Quinnin v. Comm'r*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving de facto hourly rate of $1,240 for attorney time); *Ali v. Comm'r*, 2013 WL 3819867 (D. Or. July 21, 2013) (approving de facto hourly rate of $1,000); *Breedlove v. Comm'r*, 2011 WL 2531174 (D. Or. June 24, 2011) (approving de facto hourly rate of $1,041.84). The Court finds that no downward adjustment is necessary in this case.

## CONCLUSION

The Court GRANTS Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b), ECF 31. The Court awards Plaintiff's counsel attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $20,761.88. The Commissioner shall subtract the $10,777.18 counsel already received under EAJA, leaving a net award to Plaintiff's counsel of $9,984.70. Funds withheld by the Commissioner in anticipation of an order under Section 406(b), less an administrative assessment pursuant to 42 US.C. 406(d), may be paid to Plaintiff's counsel, Katherine L. Eitenmiller, at WELLS, MANNING, EITENMILLER & TAYLOR, P.C., consistent with this Order. Any amount withheld after all administrative and court attorney fees are paid should be released to the claimant.

**IT IS SO ORDERED**.

DATED this 13th day of November, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge